IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEDERAL INSURANCE COMPANY,

        Plaintiff,

    v.                                Case No. 1:24-cv-2001

NURTURE LIFE, INC. and MERX GLOBAL, INC.,

        Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT**

For its Complaint against Defendants Nurture Life, Inc. ("Nurture Life") and Merx Global, Inc. ("Merx"), Plaintiff Federal Insurance Company ("Federal") alleges as follows:

NATURE OF THE CASE

1. This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and Rule 57 of the Federal Rules of Civil Procedure.

2. Plaintiff Federal seeks a declaration that the ForeFront Portfolio 3.0 Policy No. 8255-3450 (the "Policy"), a true and correct copy of which is attached as Exhibit 1, does not provide coverage in connection with (1) two letters dated November 2, 2023 on behalf of Merx to Nurture Life demanding amounts allegedly due by Nurture Life under a Transportation Services Agreement and Promissory Note (the "Demand Letters"), (2) an arbitration demand captioned *Merx Global, Inc. v. Nurture Life, Inc*., Case No. 01-23-0005-5706, American Arbitration Association (the "Arbitration Demand"), and (3) the complaint against Nurture Life in the lawsuit captioned *Merx Global Inc., v. Nurture Life, Inc*., No. 2023L012590, filed in the Circuit Court of

Cook County, Illinois, Law Division (the "Underlying Complaint"). The Demand Letters, Arbitration Demand, and Underlying Complaint are collectively referred to as the "Underlying Claim."

3. A dispute exists as to whether Federal is obligated under the Policy to defend and/or indemnify Nurture Life in connection with the Underlying Claim. As a result of this dispute, there is an actual case or controversy between the parties.

## PARTIES

4. Federal is an Indiana corporation with its principal place of business in New Jersey.

5. Nurture Life is a Delaware corporation with its principal place of business in Chicago, Illinois.

6. Merx is an Illinois corporation with its principal place of business in Elk Grove Village, Illinois. By reason of Merx's assertions against Nurture Life, Merx is a necessary party to this controversy, as Merx has a potential interest as to whether Federal has a duty to defend and/or indemnify Nurture Life for the Underlying Claim.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between (1) Federal and (2) Nurture Life and Merx, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendants because: Nurture Life has a principal place of business in Chicago, Illinois and conducted business in Illinois, including the actions giving rise to the Underlying Claim and the present insurance dispute; and Merx is an

2

Illinois corporation conducting business in Illinois, and the Underlying Complaint at issue in this insurance dispute was filed in the Circuit Court of Cook County, Illinois.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the Underlying Claim occurred in this judicial district.

FACTUAL ALLEGATIONS

*The Policy*

10. The Policy issued to Nurture Life—ForeFront Portfolio 3.0 Policy No. 8255-3450—has a Policy Period of October 20, 2023 to October 20, 2024. (Ex. 1.)

11. The Policy is a "claims-made policy" that, relevant here, includes a Directors & Officers and Entity Liability Coverage Part ("D&O Coverage Part"). (Ex. 1.)

12. Relevant here, the D&O Coverage Part includes the following Insuring Clause I(C): "The Company shall pay, on behalf of an **Organization**, **Loss** on account of a **Claim** first made against the **Organization** during the **Policy Period**, or the Extended Reporting Period if applicable." (Ex. 1 (bold original; terms in bold are defined in the Policy).)

13. As to Insuring Clause I(C), the D&O Coverage Part defines "Claim" to include the following:

 (1) written demand first received by an **Insured** for monetary damages or non-monetary relief, including injunctive relief;

 (2) civil proceeding commenced by the service of a complaint or a similar pleading; …

 (5) arbitration or mediation proceeding commenced by receipt of a demand for arbitration, demand for mediation or similar document,

against an **Organization** for a **Wrongful Act**, including any appeal therefrom[.]

(Ex. 1, D&O Coverage Part, § IV) (bold original).)

14. The Policy has the following "Related Claims Provision": "All **Related Claims**

shall be deemed a single **Claim** made in the **Policy Year** in which the earliest of such **Related Claims** was first made or first deemed to have been made in accordance with the Reporting section of the applicable **Liability Coverage Part** (the 'Earliest Related Claim')." (Ex. 1, General Terms and Conditions, § IV(A) (bold original).)

15. "**Related Claims**" "means all **Claims** for **Wrongful Acts** based upon, arising from, or in consequence of the same or related facts, circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events." (Ex. 1, General Terms and Conditions, § II (bold original).)

16. The D&O Coverage Part includes a "Contract Exclusion," which provides that Federal "shall not be liable for **Loss** on account of any **Claim** against an **Organization** … based upon, arising from or in consequence of any liability in connection with any contract or agreement to which an Organization is a party, provided that this Exclusion (B)(1) shall not apply to the extent such Organization would have been liable in the absence of such contract or agreement[.]" (Ex. 1, D&O Coverage Part, § V(B)(1), as amended by End. No. 15 (bold original).)

*The Underlying Claim*

17. On November 2, 2023, Merx sent the two Demand Letters to Nurture Life. True and accurate copies of the Demand Letters are attached as Exhibit 2.

18. On November 30, 2023, Merx submitted the Arbitration Demand against Nurture Life. A true and accurate copy of the Arbitration Demand is attached as Exhibit 3.

19. On December 14, 2023, Merx filed a verified complaint against Nurture Life in the lawsuit captioned, *Merx Global, Inc. v. Nurture Life, Inc.*, No. 2023L012590, Circuit Court of Cook County, Illinois, the Underlying Complaint. A true and accurate copy of the Underlying Complaint is attached as Exhibit 4.

20. The Demand Letters, Arbitration Demand, and Underlying Complaint all generally allege that Nurture Life and Merx entered into a Transportation Services Agreement ("TSA") and corresponding promissory note on December 1, 2021. The TSA generally provided that Merx would furnish transportation services to Nurture Life. Pursuant to the TSA, Merx's fees were applied against the promissory note, subject to a cap of $1.3 million and certain provisions regarding the conversion of outstanding fees into Series-A shares of stock in Nurture Life. Exs. 2-4.

21. The Demand Letters, Arbitration Demand, and Underlying Complaint generally allege that Nurture Life: (1) breached the TSA by failing to pay fees for certain transportation-related services; and (2) breached the promissory note by failing to convert certain outstanding fees to Series-A shares of stock in Nurture Life. Exs. 2-4.

*The Coverage Dispute*

22. Nurture Life submitted the Underlying Claim to Federal for coverage under the Policy.

23. By letters dated December 13, 2023 and December 26, 2023, Federal advised that the Underlying Claim constitutes a single Claim under the Policy's Related Claims Provision, and denied coverage for the Underlying Claim pursuant to the Contract Exclusion and otherwise reserved rights. True and accurate copies of Federal's December 13, 2023 and December 26, 2023 letters are attached as Exhibits 5 and 6.

24. Nurture Life disputes Federal's position that the Contract Exclusion bars coverage for the Underlying Claim.

## COUNT I: DECLARATORY JUDGMENT AS TO CONTRACT EXCLUSION

25. Federal repeats and realleges the allegations contained in paragraphs 1-24 as if fully set forth herein.

26. Nurture Life seeks coverage for the Underlying Claim.

27. In the Underlying Claim, Merx alleges that Nurture Life breached its contractual obligations to Merx and seeks damages as a result.

28. The Underlying Claim is "based upon, arising from or in consequence of any liability in connection with any contract or agreement to which an Organization is a party…." (Ex. 1, D&O Coverage Part, § V(B)(1), as amended by End. No. 15.) Accordingly, the Contract Exclusion applies to bar defense and indemnity coverage for the Underlying Claim.

29. Nurture Life disputes that the Contract Exclusion applies to bar defense and indemnity coverage for the Underlying Claim.

30. An actual, present, and justiciable controversy exists concerning whether the Underlying Claim is excluded from coverage under the Policy by the Contract Exclusion.

31. The entry of a declaratory judgment with respect to whether the Underlying Claim is excluded from coverage under the Policy by the Contract Exclusion is necessary and would be effective to resolve such controversy between the parties.

32. Accordingly, Federal respectfully requests that the Court enter judgment declaring that no coverage is available under the Policy for the Underlying Claim due to the Contract Exclusion.

\*     \*     \*

33. The filing of this Complaint is not intended to and does not constitute a waiver of any of Federal's rights, remedies, and defenses under the Policy or at law. Additional conditions,

limitations, and exclusions of the Policy may also exclude or limit coverage for the Underlying Claim.

## PRAYER FOR RELIEF

WHEREFORE, Federal respectfully requests that the Court enter an Order declaring that the Underlying Claim is not covered by the Policy, and awarding Federal all other relief as the Court may deem just and proper.

Dated: March 8, 2024

    Respectfully submitted,

    **WALKER WILCOX MATOUSEK LLP**

    /s/ Alla Cherkassky Galati
    Paul F. Matousek (No. 6196131)
    Christopher A. Wadley (No. 6278651)
    Alla Cherkassky Galati (No. 6316595)
    pmatousek@walkerwilcox.com
    cwadley@walkerwilcox.com
    agalati@walkerwilcox.com
    One North Franklin Street, Suite 3200
    Chicago, IL 60606-3610
    (312) 244-6700 – Telephone

    Joseph M. Lipps (PHV forthcoming)
    James M. Young (PHV forthcoming)
    jlipps@baileycav.com
    jyoung@baileycav.com
    **BAILEY CAVALIERI LLP**
    10 W. Broad Street, Suite 2100
    Columbus, OH 43215-3422

    Attorneys for **FEDERAL INSURANCE COMPANY**